T.C. Summary Opinion 2007-196

UNITED STATES TAX COURT

LUCIEN JOSEPH LARVADAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6295-05S.              Filed November 21, 2007.

<u>Keith S. Blair</u>, for petitioner.

<u>C. Teddy Li</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:[1]  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by

_____

[1]  With the consent of the parties, the Chief Judge
reassigned this case, after the death of Special Trial Judge
Carleton D. Powell, to Special Trial Judge D. Irvin Couvillion
for disposition on the existing record.

any other court, and this opinion shall not be treated as precedent for any other case.[2]

Respondent determined a deficiency of $7,106 in petitioner's 2001 Federal income tax. The sole issue for decision is whether petitioner is entitled to deductions for certain expenses claimed on Schedule C, Profit or Loss From Business, for the year at issue in excess of amounts allowed by respondent. That issue is premised on whether petitioner conducted a trade or business activity principally in his home.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Glen Burnie, Maryland.

## Background

From 1974 to 1991, petitioner was an employee of the National Oceanic & Atmospheric Administration (NOAA), a Federal agency. Petitioner's background is in naval navigation. He left his employment with NOAA in 1991 and commenced a self-employment activity which dealt essentially in the sale of charts, maps, nautical supplies, and navigational services to boat and yacht owners. Petitioner discontinued that activity around 1996 and reestablished a relationship with NOAA as an independent

---

[2] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

contractor providing navigational services and, in particular, training NOAA employees at the U.S. Coast Guard branch facility at Silver Spring, Maryland. Petitioner was not engaged with NOAA as an employee. His relationship was based on a contract for training new employees, preparation of manuals, desk reference guides, and other navigational matters used by such employees. Petitioner was not required to be at NOAA offices on a daily basis and was allowed to prepare his manuals, guides, and other contract requirements at home. The time petitioner spent at NOAA facilities was to train employees. However, NOAA made available to petitioner at all times office space and equipment necessary for him to perform his services under the contract. Petitioner estimated that during the year at issue, he was at NOAA facilities between 35 and 40 percent of the time for the training of NOAA employees. The remainder of his time was spent at home where he performed his other obligations under the contract (preparing training manuals, etc.). None of the training activities took place at his home.

Petitioner's contract with NOAA was obtained by bid. He was paid by the hour. For the year at issue, petitioner contracted to perform 976 hours of work which translated to 122 work days. The compensation for that amount of time was $30,256.[3]

---

[3] On his income tax return for the year at issue, petitioner reported $35,222 of income from NOAA. There is no

(continued...)

On his 2001 Federal income tax return petitioner reported his income and expenses from the NOAA contract on Schedule C in amounts as follows:

Income

| | |
|---|---|
| Gross income | $35,222 |
| Cost of goods sold | 1,650 |
| Gross profit | 33,572 |

Expenses

| | | |
|---|---|---|
| Advertising | | $400 |
| Car & truck | | 10,389 |
| Insurance | | 1,572 |
| Mortgage interest | | 8,520 |
| Legal/professional | | 360 |
| Repairs/maintenance | | 2,299 |
| Taxes/licenses | | 2,730 |
| Utilities | | 3,690 |
| Other expenses | | |
|   Postal & shipping | 420 | |
|   Business calls & faxes | 1,195 | |
|   Computer & software | | |
|       services | 425 | |
| | | 2,040 |
| Total expenses | | 32,000 |
| Net profit | | $1,572 |

In the notice of deficiency respondent disallowed the claimed deductions for advertising expenses, car and truck expenses, legal/professional expenses, and other expenses which consisted of postal and shipping, business calls and faxes, and computer and software services on petitioner's Schedule C for

---

[3](...continued)
dispute as to the amount of petitioner's income and, the Court surmises that petitioner was paid for additional services he performed.

lack of substantiation.  Although petitioner substantiated $1,514
for insurance, $3,027 for repairs and maintenance expenses, and
$898 for utilities, respondent disallowed those expenses as
personal in nature.

In the notice of deficiency respondent determined that
petitioner is entitled to deduct $2,010 as real estate taxes,
$12,740 as mortgage interest, and $400 as a charitable
contribution deduction on Schedule A, Itemized Deductions.

## Discussion

Section 162(a) allows a taxpayer to deduct all ordinary and
necessary expenses paid or incurred in carrying on a trade or
business.  Under section 280A, however, deductions associated
with a home office are generally disallowed unless the home
office is used exclusively and regularly as the principal place
of business of the taxpayer.[4]

Petitioner presented no evidence to substantiate deductions
claimed for advertising expenses, car and truck expenses,
legal/professional expenses, and other expenses which consisted
of postal and shipping, business calls and faxes, and computer
and software services claimed on Schedule C.  Secs. 162, 274(d),
280F(d)(4).  Respondent's determination as to these adjustments
is sustained.

---

[4]  Petitioner does not argue, nor does the record establish,
that petitioner satisfied the requirements of sec. 7491(a).

In addition, section 280A(a) provides as a general rule that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence."  However, section 280A(c)(1) sets forth the following exceptions to the general rule:

> SEC. 280A(c).  Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use.
>
> > (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis--
> >
> > > (A) the principal place of business for any trade or business of the taxpayer,
> > >
> > > (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or
> > >
> > > (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.

In determining whether petitioner's home was used exclusively and regularly as his principal place of business, there are several factors that militate against petitioner in this case.  First, petitioner was not required under his contract with NOAA to perform his contract obligations at home.  Second, petitioner admitted at trial that he performed services under the contract at NOAA's offices from 35 to 40 percent of the time and the remainder of his contract obligations were performed at home.  Third, employees of NOAA that petitioner trained were not

required to report to petitioner's home for their training, and there is no evidence that petitioner ever trained NOAA employees at his home.

As to the disallowed claimed deductions for insurance, repairs and maintenance expenses, and utilities, those expenses related to petitioner's use of his home in connection with his NOAA contract.

Generally, in determining whether a home constitutes the taxpayer's principal place of business, the Court examines the various locations in which the activity is conducted, the relative importance of the activities performed at each business location, and the time spent at each place. To be sure, although petitioner's home was helpful and used in connection with his NOAA contract, the evidence in this case fails to persuade the Court that petitioner's home was the principal place of his business activity nor was his home exclusively used for such activity. Rather, the Court finds that the training of the NOAA employees was of primary importance and that the NOAA facility was petitioner's principal place of business. The Court, therefore, concludes that the facts of this case do not establish petitioner's entitlement to deductions for home office expenses under section 280A(c)(1). The Court sustains respondent's determinations.

Decision will be entered

for respondent.